UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO.: 9:19-cv-81503

JEFFREY LINDER, M.D.,

    Plaintiff,

v.

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.

_____/

# JOINT DISCOVERY STATUS REPORT

Plaintiff, Jeffrey Linder, and Defendant, The Northwestern Mutual Life Insurance Company, pursuant to the *Order Setting Discovery Status Conference* [DE 9], respectfully file their Joint Discovery Status Report, as follows:

a.) Discovery propounded by each party.

### By Plaintiff:

Undersigned counsel first appeared in this action as Plaintiff's counsel on March 24, 2020, after prior counsel was permitted to withdraw. On April 6, 2020 Plaintiff served Defendant with his first Request for Production and First Set of Interrogatories. Defendant's responses are due May 6, 2020.

### By Defendant:

On January 27, 2020, Defendant served its First Request for Production on Plaintiff. Plaintiff's has not answered this request or produced documents pursuant to this request.

On January 27, 2020, Defendant served its First Set of Interrogatories on Plaintiff. This request has not yet been answered. Plaintiff has not answered this request.

On February 21, 2020, Defendant served 34 third-party subpoenas. Of those, less than one-fourth of the entities have responded. The vast majority of third parties have requested extensions of time to gather and produce records due to the Covid-19 Pandemic.

> In short, Plaintiff's claim that, around the year 2000, Defendant incorrectly determined that Plaintiff was partially disabled instead of totally disabled under Plaintiff's disability income policy. Thus, the scope of discovery concerns information dating back to the 1990s, creating significant work for the third parties, many of whom cannot go to their offices due to the Covid-19 Pandemic.
>
> Of the February 21, 2020 subpoenas, Defendant served a subpoena on Plaintiff's legal entity, Jeffrey F. Linder, M.D., P.A. To date, Defendant has received no response.

b.) Whether the discovery requests have been answered.

> **By Plaintiff:**
>
> Undersigned counsel first appeared in this action as Plaintiff's counsel on March 24, 2020, after prior counsel was permitted to withdraw. Plaintiff has yet to respond to Defendant's discovery requests. Counsel conferred today at which time Plaintiff requested an additional extension of time until April 20, 2020 to respond.
>
> **By Defendant:**
>
> On January 27, 2020, Defendant served its Rule 26(a)(1) Initial Disclosures on Plaintiff.
>
> On January 31, 2020, Defendant produced a Rule 26 Initial Production, which is comprised of more than 5,000 pages of the claim file, with attorney-client privileged material withheld.
>
> Defendant's responses to Plaintiff's First Request for Production, served on Defendant on April 6, 2020, will be due on May 6, 2020.
>
> Defendant's responses to Plaintiff's First Set of Interrogatories are due May 6, served on Defendant on April 6, 2020, will be due on May 6, 2020.

c.) The status of depositions, including number already taken, number of remaining depositions and whether they have been scheduled, and any explanation of any delay in scheduling the remaining depositions.

> **By Plaintiff:**
>
> No depositions have taken by the Plaintiff. Plaintiff anticipates taking a corporate representative deposition and one or more of the claims adjustors, and is endeavoring to schedule theses depositions promptly. Plaintiff also anticipates

deposing persons with knowledge of Plaintiff's occupational duties before and after his disability in 2000.

**By Defendant:**

No depositions have been taken by Defendant and Defendant has not yet scheduled any depositions.

Regarding third party depositions, at the very least, Defendant will need to depose Plaintiff's treating physicians, persons with knowledge of Plaintiff's occupational duties before his purported disability in 2000, and persons with knowledge of Plaintiff's occupational duties after his purported disability. Defendant has not yet received records from third parties that would permit Defendant to assess which entitles to depose.

Regarding a deposition of Plaintiff, Defendant has not yet scheduled Plaintiff for a deposition because Plaintiff has not produced documents or answered Defendant's discovery.

d.) The status of expert disclosures.

**By Plaintiff:**

At this time, Plaintiff is unable to determine whether he needs expert witnesses because counsel has not yet completed his review of defendants 5000+ page claims file, and has not received Defendant's discovery responses that are not yet due.

**By Defendant:**

At this time, Defendant is unable to determine whether it needs expert witnesses because it has not received discovery responses from Plaintiff.

e.) Whether there are outstanding discovery disputes.

**By Plaintiff:**

None at present.

**By Defendant:**

Presently, Plaintiff's discovery responses are past due. In light of Plaintiff's counsel's recent appearance in this matter, Defendant has met and conferred with Plaintiff's counsel, and Defendant has agreed to a 10-day extension of time, through and including April 20, 2020, for Plaintiff to respond to Defendant's written discovery and for Plaintiff's entity to respond to the third-party subpoena.

f.) Whether the parties believe that a discovery status conference is needed.

The parties submit that a discovery status conference would be premature as Plaintiff's discovery responses are outstanding. Thus, the parties propose the status conference presently scheduled to occur at 2:00 p.m. on April 15, 2020, be cancelled, and reset to occur on either April 22 or April 23.

g.) Whether the parties can certify that all discovery will be completed by the discovery deadline.

### **By Plaintiff:**

At this time, the Plaintiff cannot certify that all discovery will be completed by the discovery deadline because counsel has not yet completed his review of defendants 5000+ page claims file; is unable to determine what experts are necessary; and the uncertainty of scheduling timely depositions in light of the Covid-19 pandemic.

### **By Defendant:**

At this time, Defendant cannot certify that all discovery will be completed by the discovery deadline because Plaintiff's discovery responses, pending since January 2020 are past due. Moreover, in light of the Covid-19 pandemic, Defendant cannot anticipate when third-parties will respond.

Respectfully Submitted,

| | |
|---|---|
| **BENRUBI LAW, P.A.** | **SHUTTS & BOWEN LLP** |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |
| 1401 Forum Way, Suite 600 | 200 South Biscayne Boulevard |
| West Palm Beach, FL 33401 | Suite 4100 |
| Ofc.: (561) 296-3963 | Miami, Florida 33131 |
| Fax: (561) 478-3111 | Tel: (305) 358-6300 |
| Email: *RBenrubi@benrubilaw.com* | Fax: (305) 381-9982 |
| Secondary: *cgarcia@benrubilaw.com* | |
| | */s/ Jake Monk* |
| */s/ Richard M. Benrubi* | John E. Meagher |
| RICHARD M. BENRUBI, ESQ. | Florida Bar No. 511099 |
| FBN: 796573 | *jmeagher@shutts.com* |
| | Jake Monk |
| | Florida Bar No. 100321 |
| | *jmonk@shutts.com* |

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        */s/ Richard M. Benrubi*
                                        RICHARD M. BENRUBI, ESQ.
                                        *Counsel for Plaintiff*