UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:19-CV-81503

JEFFREY LINDER, M.D.,

    Plaintiff,

vs.

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

    Defendant.
_____/

NON-PARTIES MITCHELL J. BEERS, MITCHELL J. BEERS, ESQ. AND/OR MITCHELL J. BEERS P.A.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS IN A CIVIL ACTION

Non-Parties, Mitchell J. Beers ("Beers"), Mitchell J. Beers, Esq. and/or Mitchell J. Beers, P.A. (collectively, Beers, P.A.), pursuant to Fed. R. Civ. P. 45, hereby files his, its responses and objections to Defendant's Subpoena to Produce Documents, Information or Objects in a Civil Action served April 30, 2020.

STATEMENT OF WILLINGNESS TO COOPERATE

Non-Parties Beers and Beers, P.A. are prepared to discuss with counsel for the Defendant the objections set forth below for the purpose of resolving any disputes that may arise over the production of documents without the need for intervention by the Court.

NON-PARTY'S RESPONSES TO DEFENDANT'S REQUEST TO PRODUCE

1.    Copy of any non-privileged documents, communication or electronic data, including e-mails, texts or electronic messages or posts, between or (sent by or received by) or (sent to or received from) Linder, Beers and/or Beers, P.A., which mentions this lawsuit and/or contain any content related to the allegations in the Complaint, which is the subject of this lawsuit.

Linder v. The Northwestern Mut. Life Ins. Co.
Case No.:  9:19-CV-81503
Non-Parties Mitchell J. Beers, Mitchell J. Beers, Esq.
   and/or Mitchell J. Beers, P.A.'s Responses and
   Objections to Defendant's Subpoena to Produce
   Documents, Information or Objects in a Civil Action
Page 2 of 9

**Response to Request No. 1**:

Objection to Request No. 1:  Beers, P.A. is the referring attorney/law firm to Richard M. Benrubi, Esq., Benrubi Law, P.A.  Pursuant to Florida Rules of Professional Conduct, R. 4-1.5(G), Beers, P.A. has to assume joint legal responsibility for the representation, agreeing to be available for consultation with the client and will be compensated accordingly.  Therefore, Beers, P.A. cannot divulge any documents, communications, emails, texts or any type of messages which are subject to the Complaint.

Regardless of this objection, Beers, P.A. states that there are no non-privileged documents responsive to this request.

Beers states that there are no documents responsive to this request.

2. Copy of any non-privileged documents, communication or electronic data, including emails, texts, or electronic messages or posts, between or (sent by or received by) or (sent to or received from) Linder, Beers and/or Beers P.A., prior to, on the date of Plaintiff's disability or thereafter, which contain any content related to the allegations in the Complaint, which is the subject of this lawsuit.

**Response to Request No. 2:**

Objection to Request No. 2:  Beers, P.A. is the referring attorney/law firm to Richard M. Benrubi, Esq., Benrubi Law, P.A.  Pursuant to Florida Rules of Professional Conduct, R. 4-1.5(G), Beers, P.A. has to assume joint legal responsibility for the representation, agreeing to be available for consultation with the client and will be compensated accordingly.  Therefore, Beers, P.A. cannot divulge any documents, communications, emails, texts or any type of messages which are subject to the Complaint.

Regardless of this objection, Beers, P.A. states that there are no non-privileged documents responsive to this request.

Beers states that there are no documents responsive to this request.

3. Copy of any non-privileged documents, communication or electronic data, including emails, texts, or electronic messages or posts, between or (sent by or received by) or (sent to or received from) Linder, Beers and/or Beers, P.A., which mention this lawsuit, contains any content related to the Disability, or the resulting injuries, damages or disability claimed by Plaintiff.

Linder v. The Northwestern Mut. Life Ins. Co.
Case No.:  9:19-CV-81503
Non-Parties Mitchell J. Beers, Mitchell J. Beers, Esq.
   and/or Mitchell J. Beers, P.A.'s Responses and
   Objections to Defendant's Subpoena to Produce
   Documents, Information or Objects in a Civil Action
Page 3 of 9

### Response to Request No. 3:

Objection to Request No. 3:  Beers, P.A. is the referring attorney/law firm to Richard M. Benrubi, Esq., Benrubi Law, P.A.  Pursuant to Florida Rules of Professional Conduct, R. 4-1.5(G), Beers, P.A. has to assume joint legal responsibility for the representation, agreeing to be available for consultation with the client and will be compensated accordingly.  Therefore, Beers, P.A. cannot divulge any documents, communications, emails, texts or any type of messages which are subject to the Complaint.

Regardless of this objection, Beers, P.A. states that there are no non-privileged documents responsive to this request.

Beers states that there are no documents responsive to this request.

4. Copies of any documents relating to Linder's applications, applications for licensure, license and/or supporting documents, applications for membership, membership records, subsequent updates and documents filed, questionnaires, statements, membership information, malpractice insurance or claims, errors and omission information, claim records filed, claim interviews, notices of claims, evaluations and reports, conduct reports, investigatory reports, records and/or results, civil remedy notices, grievances, complaints, consent agreements, recommended orders, declaratory statements, records of all litigation and administrative records regarding the review and determination of Jeffrey Linder, and all other documents which relate, refer or pertain to Jeffrey Linder.

### Response to Request No. 4:

Objection to Request No. 4:  Beers, P.A. is the referring attorney/law firm to Richard M. Benrubi, Esq., Benrubi Law, P.A.  Pursuant to Florida Rules of Professional Conduct, R. 4-1.5(G), Beers, P.A. has to assume joint legal responsibility for the representation, agreeing to be available for consultation with the client and will be compensated accordingly.  Therefore, Beers, P.A. cannot divulge any documents, communications, emails, texts or any type of messages which are subject to the Complaint.

Beers, P.A. objects to this request as it seeks documents protected by attorney-client privilege and attorney work product doctrine.  Beers, P.A. objects to the phrasing "supporting documents, supporting documents, applications for membership, membership records, subsequent updates and documents filed, questionnaires, statements, membership information, malpractice insurance or claims, errors and omission information, claim records filed, claim interviews, notices of claims,

Linder v. The Northwestern Mut. Life Ins. Co.
Case No.:  9:19-CV-81503
Non-Parties Mitchell J. Beers, Mitchell J. Beers, Esq.
   and/or Mitchell J. Beers, P.A.'s Responses and
   Objections to Defendant's Subpoena to Produce
   Documents, Information or Objects in a Civil Action
Page 4 of 9

evaluations and reports, conduct reports, investigatory reports, records and/or results, civil remedy notices, grievances, complaints, consent agreements, recommended orders, declaratory statements, records of all litigation and administrative records" as being vague, ambiguous and overbroad.

Regardless of the objection, Beers, P.A. states there are no documents responsive to this request.

Beers states that there are no documents responsive to this request.

5.    Any and all documents, communication or electronic data, relating to the cases or matters handled by Beers, Beers, P.A. on behalf of Linder, including but not limited to:

(a)    Documents, pleadings, court filings, motions or other court documents, transcripts, of any kind (i.e., deposition, hearing, trial, testimony, other), any videotapes or recording (i.e., Audio, DVD, CD);

**Response to Request 5(a):**

Objections to Request 5(a):  Beers, P.A. objects to the production of documents related to the below referenced cases as it seeks production of thousands of pages of court filings, including documents protected under Health Insurance Portability and Accountability Act (HIPAA).

Beers, P.A. further objects to this request as it is overbroad, unduly burdensome, harassing and seeks information that is neither relevant or reasonably calculated to lead to discovery of admissible evidence, as well as being ambiguous as over broad.

State v. Linder, 2011TR04998AXXXNB; Ticket Issued:  02-22-2011.  Beers represented Dr. Linder in a traffic infraction.

Beers, P.A. further states that any documents regarding State v. Linder have been destroyed as this case is over nine (9) years old.

Beers states that there are no documents responsive to this request.

Guardianship of Diane Linder, 502014GA000642XXXXNB (II).  Beers represented Dr. Linder as the court-appointed plenary guardian of his elderly mother.

Case 9:19-cv-81503-RLR   Document 25   Entered on FLSD Docket 04/30/2020   Page 5 of 9

Linder v. The Northwestern Mut. Life Ins. Co.
Case No.: 9:19-CV-81503
Non-Parties Mitchell J. Beers, Mitchell J. Beers, Esq.
   and/or Mitchell J. Beers, P.A.'s Responses and
   Objections to Defendant's Subpoena to Produce
   Documents, Information or Objects in a Civil Action
Page 5 of 9

Beers, P.A. further states that there are 264 docket entries regarding the Guardianship of Diane Linder.

Beers states that there are no documents responsive to this request.

Luchini v. TSA Stores, Inc., dba The Sports Authority, Inc., 502016CA006098XXXXMB (AE).

Beers, P.A. further states that Dr. Linder was a possible expert witness on damages.

Beers states that there are no documents responsive to this request.

(b)     All non-privileged document, electronic data, communications or correspondence between or (sent by or received by) or (sent to or received from) Linder and Beers, Beers, P.A.

**Response to Request 5(b):**

See Beers. P.A.'s Response to Request No. 7.

Beers states that there are no documents responsive to this request.

(c)     Any agreements, retainers, contracts between Linder and Beers, Beers, P.A.

**Response to Request 5(c):**

Objection to Request 5(c): Beers, P.A. objects to this request as it seeks documents protected by attorney-client privilege and attorney work product doctrine.

Beers states that there are no documents responsive to this request.

(d)     Copies of any and all incident, accident, police, citation or other investigative report(s) relating to Linder.

**Response to Request 5(d):**

See Beers, P.A.'s Response to Request No. 5(a)

Beers states that there are no documents responsive to this request.

Linder v. The Northwestern Mut. Life Ins. Co.
Case No.:  9:19-CV-81503
Non-Parties Mitchell J. Beers, Mitchell J. Beers, Esq.
   and/or Mitchell J. Beers, P.A.'s Responses and
   Objections to Defendant's Subpoena to Produce
   Documents, Information or Objects in a Civil Action
Page 6 of 9

(e)     Any and all hospital records, medical records, medical reports, medical bills or other third party record relating to Linder received by Beers, Beers, P.A. from any doctors, physicians or medical provider who has examined, rendered treatment to Linder or examined his physical or mental condition.

**Response to Request 5(e):**

Objection to Request 5(e):  Beers, P.A. objects to this request as it seeks documents protected by attorney-client privilege and attorney work product doctrine; it seeks the production of documents protected under HIPAA; it is vague, ambiguous and overbroad.

Regardless of this objection, Beers, P.A. states that any documents responsive to this request upon information and belief were provided to counsel for the Defendant on or about February 24, 2020.

Beers states that there are no documents responsive to this request.

(f)     All non-privileged statements, declarations, recordings, or affidavits made by Linder.

**Response to Request 5(f):**

See Beers, P.A.'s Response to Request 5(a).

Beers states that there are no documents responsive to this request.

(g)     All non-privileged statements, declarations, recordings, or affidavits executed by or taken from any parties or witnesses pertaining to Linder.

**Response to Request 5(g):**

See Beers, P.A. Response to Request 5(a).

Beers states there are no documents responsive to this request.

(h)     Copies of all medication statements or agreements involving Linder.

Linder v. The Northwestern Mut. Life Ins. Co.
Case No.:  9:19-CV-81503
Non-Parties Mitchell J. Beers, Mitchell J. Beers, Esq.
  and/or Mitchell J. Beers, P.A.'s Responses and
  Objections to Defendant's Subpoena to Produce
  Documents, Information or Objects in a Civil Action
Page 7 of 9

**Response to Request 5(h):**

See Beers, P.A. Response to Request 5(e).

Beers states there are no documents responsive to this request.

(i)   Copy of any and all settlement agreements involving Linder.

**Response to Request 5(i)**:

Beers, P.A. states that there no documents responsive to this request.
Beers states there are no documents responsive to this request.

(j)   Any and all photographs, movies, videos, projections, sketches or diagrams taken by, posted on any online medium or social media site, or created by or exchanged between (sent by or received by) or (sent to or received from) Linder, Beers, Beers, P.A.

**Response to Request 5(j):**

Beers, P.A. states that there are no documents responsive to this request.

Beers states that there are no documents responsive to this request.

6.   Any and all documents, electronic data, communications, voicemails, e-mails, texts or messages using any other messaging application between or (sent by or received by) or (sent to or received from) Linder, Beers, Beers, P.A. and any other person, with all attachments or documents thereto, regarding or relating to Linder.

**Response to Request 6:**

See Beers, P.A.'s Response to Request 7.

Beers states that there are no documents responsive to this request.

7.   Any and all information, documents, electronic data, communications, voicemails, e-mails, texts or messages using any other messaging application sent by, sent to, received by or between or (sent by or received by) or (sent to or received from) Linder, Beers, Beers, P.A. and any other person, with all attachments or documents thereto, regarding or relating to any social media postings, social activities, or physical activities (including gym related activities), involving or relating to Linder.

Linder v. The Northwestern Mut. Life Ins. Co.
Case No.:  9:19-CV-81503
Non-Parties Mitchell J. Beers, Mitchell J. Beers, Esq.
   and/or Mitchell J. Beers, P.A.'s Responses and
   Objections to Defendant's Subpoena to Produce
   Documents, Information or Objects in a Civil Action
Page 8 of 9

**Response to Request 7:**

Beers, P.A. will forward to counsel for Defendant a USB drive containing emails regarding Tee Times at PGA National Golf Course.

Beers states that any documents responsive to this Request are incorporated on the USB drive containing emails regarding Tee Times at PGA National Golf Course.

8. Any and all other records and/or documents to:

> Jeffrey Linder
> DOB: 04/07/1959
> SSN: 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

**Response to Request 8:**

Objection to Request 8:

Beers, P.A. objects to this request on the grounds that it is overbroad, unduly burdensome, harassing and seeks information that is neither relevant or reasonably calculated to lead to discovery of admissible evidence, as well as being ambiguous as over broad.

Beers, P.A. further objects to this request in that it may seek documentation protected by attorney-client privilege and/or attorney work doctrine.

Beers states there are no documents responsive to this request.

Certificate of Service

I HEREBY CERTIFY that on this 30 day of April, 2020, an exact copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send a notification of the filing (NEF) to the parties in the above-captioned action:  John E. Meaher, Esq. and Jake Monk, Esq., Counsel for Defendant, Shutts & Bowen, LLP, 200 So. Biscayne Blvd., Suite 4100, Miami, FL 33131 (jmeagher@shutts.com / jmonk@shutts.com; Richard M. Benrubi, Esq., counsel for Plaintiff, Benrubi Law, P.A., 1401 Forum Way, Suite 600, West Palm Beach, FL 33401 (rbenrubi@benrubilaw.com / cgarcia@benrubilaw.com).

Linder v. The Northwestern Mut. Life Ins. Co.
Case No.: 9:19-CV-81503
Non-Parties Mitchell J. Beers, Mitchell J. Beers, Esq. and/or Mitchell J. Beers, P.A.'s Responses and Objections to Defendant's Subpoena to Produce Documents, Information or Objects in a Civil Action
Page 9 of 9

        **MITCHELL J. BEERS, P.A.**

        By  /s/ Mitchell J. Beers
        Mitchell J. Beers, Esq.
        Florida Bar No.: 197637
        Prosperity Gardens, Suite 204
        11380 Prosperity Farms Road
        Palm Beach Gardens, FL 33410
        TEL: (561)622-8100
        FAX: (561)622-3460
        Primary Email: mbeers@mbeerslaw.com
        Secondary Email: kkey@mbeerslaw.com