UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:19-cv-81503

JEFFREY LINDER, M.D.,

    Plaintiff,

v.

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT, NORTHWESTERN MUTUAL'S MOTION FOR AN ORDER CANCELLING MEDIATION AND REQUIRING THE PARTIES TO RESCHEDULE MEDIATION

Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), pursuant to Local Rule 7.1, respectfully requests this Court enter an order cancelling mediation and requiring the parties to reschedule mediation, and states:

1. On January 6, 2020, Plaintiff, Jeffrey Linder ("Linder") and Northwestern Mutual jointly noticed Mediation scheduled for May 6, 2020 with Mediator Robert Dulberg in Shutts & Bowen LLP's Miami Office. See Joint Notice [DE 11].

2. Due to circumstances related to Covid-19, including delayed third-party subpoena responses, on May 1, 2020, Linder and Northwestern Mutual jointly re-noticed mediation for July 2, 2020, to occur with Mediator Robert Dulberg in Shutts & Bowen LLP's Ft. Lauderdale Office.[1] See Joint Re-Notice of Mediation [DE 26].

3. Northwestern Mutual later learned that it accidentally agreed to a date when Petrea Wyskochil (the person at Northwestern Mutual familiar with this action and having

---

[1] As a courtesy to Plaintiff's new counsel, who appeared in this action after mediation was initially scheduled, Defendant agreed to move the location of the mediation.

authority to settle) was unavailable.  Ms. Wyskochil is a Lead Disability Benefits Consultant, who will be serving as the corporate designee in this case.  Ms. Wyskochil is unavailable on July 2, 2020 because she has pre-planned travel for a multi-day, college-required obligation for her daughter.

4. Upon learning of the scheduling error, Northwestern Mutual promptly notified Plaintiff's counsel on May 7, 2020 via telephone that there had been a mistake in the scheduling.

5. Northwestern Mutual also promptly held additional dates with Mediator Robert Dulberg on July 21, 2020 and July 27, 2020, which Northwestern Mutual is still holding as alternatives for mediation.  Both proposed new dates are prior to the mediation deadline set in the Court's Order Amending Pretrial Deadlines.  Order [DE 27], at 1.

6. Plaintiff's counsel has refused to agree to reschedule mediation, requiring the filing of the instant motion, and refused to indicate whether they are available on July 21, 2020 or July 27, 2020.

7. As previously noted, Northwestern Mutual has good cause for rescheduling mediation.  Specifically, the agreement to the prior date was an accident and the Northwestern Mutual employee (Ms. Wyskochil) with authority to resolve this matter is unavailable on July 2, 2020.  Moreover, Northwestern Mutual acted diligently in attempting to correct the mistake by promptly informing Plaintiff's counsel and holding new dates with the mediator prior to the mediation deadline.  Finally, without Ms. Wyskochil at mediation, it is less likely that the instant matter will be resolved, wasting time and expense for all parties involved.

8. Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant met and conferred telephonically on May 7, 2020 and via email on May 18, 2020 with plaintiff's counsel, who opposes the relief sought herein.

WHEREFORE, for these reasons and good cause shown herein, Northwestern Mutual respectfully requests this Court enter an order cancelling the mediation and requiring the parties to reschedule mediation.

Respectfully Submitted,

**SHUTTS & BOWEN LLP**
*Attorneys for Defendant*
200 South Biscayne Boulevard
Suite 4100
Miami, Florida  33131
Tel:  (305) 358-6300
Fax:  (305) 381-9982

By: */s/ Jake Monk*
John E. Meagher
Florida Bar No. 511099
*jmeagher@shutts.com*
Jake Monk
Florida Bar No. 100321
*jmonk@shutts.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2020 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jake Monk*
Of Counsel

## SERVICE LIST

*Jeffrey Linder, M.D. v. The Northwestern Mutual Life Insurance Company*
**United States District Court, Southern District of Florida**
**CASE NO. 19-cv-81503RLR**

Benrubi Law, P.A.
Richard M. Benrubi, Esq.
1401 Forum Way
Suite 600
West Palm Beach, FL 33401
T: (561) 296-3963
F: (561) 478-3111
*RBenrubi@benrubilaw.com*
*cgarcia@benrubilaw.com*
    Attorneys for Plaintiff

MIADOCS 20200050 3